JAP:DAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**M-11-494**

- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

JOSE MIGUEL POLANCO ZAPATA,

        Defendant.

- - - - - - - - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS:

TO BE FILED UNDER SEAL

COMPLAINT AND AFFIDAVIT
IN SUPPORT OF APPLICATION
FOR ARREST WARRANT

(21 U.S.C. § 846)

      CHRISTOPHER HERZOG, being duly sworn, deposes and states that he is a Special Agent of the United States Department of Homeland Security, Homeland Security Investigations, duly appointed according to law and acting as such.

      Upon information and belief, on or about May 3, 2011, within the Eastern District of New York and elsewhere, the defendant JOSE MIGUEL POLANCO ZAPATA, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21 U.S.C. § 841(a)(1).

      (Title 21, United States Code, Section 846).

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. On May 3, 2011, officers with United States Customs and Border Protection ("CBP") conducted an enforcement examination of a passenger (the "Courier") arriving on Delta Airlines flight No. 494 from Santo Domingo, Dominican Republic. The CBP officers discovered that the Courier was carrying, concealed in the handrails of his bags, a substance containing cocaine with an approximate gross weight of 1,662.6 grams.

2. Following discovery of the cocaine, the Courier was arrested. He subsequently was advised of, and chose to waive, his <u>Miranda</u> rights and stated in sum and substance that he had agreed to carry the cocaine in his bag into the United States and was to be paid $6,000 in U.S. currency for doing so. The Courier agreed to cooperate with law-enforcement agents.

3. The Courier indicated that he was to be picked up by two individuals in the JFK lobby, one of whom he knew as "Jose Miguel Polanco." The Courier advised in sum and substance that Jose Miguel Polanco had called the Courier approximately four to five days earlier and asked him to bring "something" back from the Dominican Republic, in exchange for $6,000 in U.S. currency.

---

[1]    Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

4. At the request of law enforcement, the Courier contacted the individual he knew as Jose Miguel Polanco by cell phone and advised that he had been held up because of his citizenship status.

5. The Courier agreed to proceed out to the lobby under the observation of law enforcement, while wearing a recording device. The Courier placed his bags, which had contained the cocaine, in a luggage cart and entered the lobby. At that point, law enforcement observed an individual subsequently identified as the defendant JOSE MIGUEL POLANCO ZAPATA greet the Courier and take custody of bags on the cart. The Courier explained to the defendant, in sum and substance, that he had been held up and questioned about his immigration status, and was nervous because he had "the stuff" in his bags. The defendant advised the Courier, in sum and substance, "to relax." After exiting the lobby, both the defendant and the Courier were apprehended by law enforcement.

6. The defendant JOSE MIGUEL POLANCO ZAPATA was advised of, and chose to waive, his <u>Miranda</u> rights. The defendant was placed in a holding cell with the Courier, who was still wearing a recording device. While together in the cell, the Courier asked the defendant how much was in the bag. The defendant replied, in sum and substance, that there might be

about "four hundred."[2]

7. The defendant was thereafter released.

WHEREFORE, your deponent respectfully requests that an arrest warrant be issued for the defendant JOSE MIGUEL POLANCO ZAPATA so that he may be dealt with according to law.

_____
CHRISTOPHER HERZOG
Special Agent
U.S. Department of Homeland Security
Homeland Security Investigations

Sworn to before me this
10th day of May, 2011

_____
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

---

[2] The subject conversations between the Courier and the defendant were in Spanish.

4